**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

In the Matter of the Care and Treatment of Ronald Garrard, Appellant.

Appellate Case No. 2019-001817

———

Appeal From Richland County
Jocelyn Newman, Circuit Court Judge

———

Unpublished Opinion No. 2023-UP-327
Submitted September 13, 2023 – Filed October 11, 2023

———

**AFFIRMED**

———

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

———

**PER CURIAM:** Counsel for Garrard filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there were no meritorious grounds for appeal and requesting permission to withdraw from further representation. The court denied the request to withdraw and directed the parties to file additional briefs. In his appellate brief, Garrard argues the circuit court erred in (1) finding that the trial to determine whether he was a sexually violent predator (SVP) under

the Sexually Violent Predator Act (the Act)[1] did not violate his procedural due process rights when he could not participate in his defense, and (2) denying his motion for a directed verdict. We affirm pursuant to Rule 220(b), SCACR.

1. We hold that although Garrard could not participate in his defense, the trial to determine whether he was an SVP did not violate his procedural due process rights. *See Matter of Oxner*, 440 S.C. 5, 12, 889 S.E.2d 586, 590 (2023) (noting the petitioner was "not competent to stand a criminal trial" on his qualifying offenses and finding that although the petitioner had "the right to due process during his subsection 44-48-100(B) [of the South Carolina Code (2018)] hearing, his due process rights [were] satisfied by the safeguards articulated in the Act"); *id.* at 12 n.6, 889 S.E.2d at 590 n.6 (noting (1) subsection 44-48-100(B) contains multiple safeguards; (2) section 44-48-90 of the South Carolina Code (2018) contains safeguards, such as "grant[ing] the right to a jury trial on the ultimate question of whether the person is a [SVP], permit[ting] additional expert witnesses paid for by the State if the circuit court finds it necessary, and guarantee[ing] experts ha[d] access to the individual and his records"; and (3) section 44-48-110 of the South Carolina Code (2018) permits a person who was later tried and committed, "to petition the circuit court for release from commitment at any time"); *id.* at 12-13, 889 S.E.2d at 590 ("While these procedural safeguards may not be perfect, any potential defects [were] reasonable in light of the circumstance that [the petitioner was] not competent to stand a criminal trial. Under the very specific procedures outlined in the statute, the risk of an *erroneous* deprivation of [the petitioner's]—any incompetent person's—liberty interest by involuntary civil commitment [was] significantly reduced if not completely eliminated."); *Matter of Griffin*, 434 S.C. 338, 341, 863 S.E.2d 346, 348 (Ct. App. 2021), *cert. granted* (Sept. 12, 2023) (concluding "a prisoner is not entitled to be competent to stand trial under the Act"); *id.* ("In construing the Act in its entirety, we can find no statutory requirement of competence for proceedings arising under the Act. Rather, it appears the General Assembly contemplated the likelihood of a potential SVP to be incompetent to adequately assist in his or her own defense."); *id.* (finding a person's due process rights were protected by the safeguards contained in the Act, which included "the opportunity for appointed counsel, the requisite probable cause hearing, the appointment of qualified experts for psychological examinations, the right to a jury trial in which a unanimous verdict [wa]s required, the imposition on the State of the highest burden of proof of beyond a reasonable doubt, the ability to appeal, the ability to petition for release, annual examinations, etc.").

---

[1] S.C. Code Ann. §§ 44-48-10 to -170 (2018).

2.  We hold Garrard's argument regarding the circuit court's denial of his directed verdict motion is not preserved for review because the argument he raises on appeal is different than the one he raised at trial.  *See In re Michael H.*, 360 S.C. 540, 546, 602 S.E.2d 729, 732 (2004) ("In order to preserve an issue for appeal, it must be raised to and ruled upon by the [circuit] court."); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground."); *id.* ("A party may not argue one ground at trial and an alternate ground on appeal.").

**AFFIRMED.**[2]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.